UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAGOP BARKEV CHIRINIAN,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>Respondents. | Case No.:  25-CV-3707 JLS (AHG)<br><br>**ORDER (1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF No. 5) |

Presently before the Court is Petitioner Hagop Barkev Chirinian's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Am. Pet.," ECF No. 5) and Motion for Temporary Restraining Order ("TRO," ECF No. 5-1).  Also before the Court is Respondents Kristi Noem's (Secretary of the U.S. Department of Homeland Security), Pamela Bondi's (Attorney General of the United States), Todd Lyons's (Acting Director of Immigration Customs Enforcement), Jesus Rocha's (Acting Field Director, San Diego Field Office), and Christopher LaRose's (Senior Warden of Otay Mesa Detention Center) (collectively, "Respondents") Response in Opposition to Petitioner's Amended Habeas Petition and Application for Temporary Restraining Order ("Ret.," ECF No. 11), and Petitioner's Traverse ("Traverse," ECF No. 12).  For the reasons set forth below, the Court

1

**GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 5) and **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order (ECF No. 5-1).

BACKGROUND

Petitioner alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since August 24, 2025. Am. Pet. at 1. Petitioner, born in Lebanon, came to the United States in 1975 with his family on a tourist visa when he was five years old. *Id.* at 2. Petitioner was placed in deportation proceedings after being convicted of two drug-related crimes in 1990 and 1997. *Id.* On June 23, 2005, an Immigration Judge ordered Petitioner removed, and in May 2006, immigration officials attempted to deport him to Lebanon. *Id.* Lebanon refused to accept him or issue him travel documents. *Id.* ICE detained Petitioner for approximately five months before releasing him on an order of supervision. *Id.* Petitioner thereafter complied with his ICE check-in requirements, never violated the conditions of his supervised release, and was not convicted of any other crimes. *Id.* Petitioner now alleges that his detention "violates his statutory and regulatory rights, *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Fifth Amendment." *Id.* at 1.

LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*,

138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, they must be detained for ninety days (90) pending the government's efforts to secure their removal. *See* 28 U.S.C. § 1231(a)(1). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release, including an order of supervised release. *Id.* at 700.

Once ICE releases a non-citizen on supervised release, "ICE's ability to re-detain that noncitizen is constrained by its own regulations." *Nouri v. Herrera*, SA CV 25-1905-JFW(DBT), 2025 U.S. Dist. LEXIS 171809, at *11 (C.D. Cal. Sept. 3, 2025) (internal citation omitted). ICE may re-detain a non-citizen released on an Order of Supervision "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). ICE may also re-detain if the non-citizen "violates any of the conditions of release." § 241.13(i)(1). If ICE chooses to re-detain, the non-citizen must "be notified of

25-CV-3707 JLS (AHG)

the reasons for revocation" and be afforded "an initial informal interview promptly after [his] return to . . . custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification."  § 241.13(i)(3).  The non-citizen may "submit any evidence or information that [he] believes shows there is no significant likelihood [he may] be removed in the reasonably foreseeable future, or that [he] has not violated the order of supervision." *Id.*

Here, Petitioner was ordered removed in 2005 and was released on an Order of Supervision when Lebanon would not accept him for deportation.  Pet. at 3; *see Zadvydas*, 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.").  Petitioner was re-detained by ICE agents on August 24, 2025, and ICE failed to provide reasons for the revocation of his supervision.  Pet. at 5–6.  Further, ICE did not conduct an interview immediately after detaining Petitioner, thus failing to provide him "an opportunity to respond to the reasons for revocation stated in the notification."  8 C.F.R. § 241.13(i)(3); Ret. at 1.

"Government agencies are required to follow their own regulations."  *Hoac v. Becerra*, No. 25-cv-1740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 US. 260, 268 (1954)) (finding a likelihood of success where petitioner was not provided an informal interview).  "[W]hen ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered."  *Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025) (collecting cases).  The Court finds that, in violation of ICE's regulations, the revocation of his supervised release without notice or an informed interview justifies **GRANTING** the Petition.  *See, e.g.*, *Hoac*, 2025 WL 1993771, at *4 (granting a TRO where ICE failed to follow § 241.13(i)(3) procedures); *Phakeokoth v. Noem*, No. 25-cv-2817 RBM (SBC), 2025 WL 3124341, at *6 (S.D. Cal. Nov. 7, 2025) (same); *Nouri*, 2025 U.S. Dist. LEXIS 171809, at *11 (same); *Tran*, 2025 WL 3005347, at *4 (granting a habeas petition on the same grounds); *Truong*, 2025 WL

25-CV-3707 JLS (AHG)

2988357, at *6 (same); *Nguyen v. Noem*, No. 25-cv-2792 LL (VET), 2025 WL 3101979, at *3 (S.D. Cal. Nov. 6, 2025) (same).

Additionally, even if the procedural requirements were met, the Court is not persuaded that Respondents have shown a change in circumstances such that there is now a significant likelihood Petitioner will be removed in the reasonably foreseeable future. First, Petitioner has been subject to a final order of removal since 2005, and in the last twenty years, there has been no progress on securing his removal. Traverse at 4. Second, Respondents failed to secure travel documents, or alleged potential for travel documents, for Petitioner before his re-detention. Petitioner was released in 2006 because his removal was not reasonably foreseeable, *id.*, and Respondents present no evidence that this has changed. In fact, on December 4, 2025, the Lebanese government again declined to issue a travel document for Petitioner. Ret. at 1. Respondents state that "San Diego Enforcement and Removal Operation (ERO) is coordinating with its headquarters' Removal and International Operations (RIO) unit to identify a third country where Petitioner may be removed." *Id.* This is insufficient to demonstrate changed circumstances. *See Hoac*, 2025 WL 1993771, at *4 (rejecting the government's argument that ICE's intent to apply for travel documents constituted changed circumstances because they failed to provide "any details about why a travel document could not be obtained in the past, nor have they attempted to show why obtaining a travel document is more likely this time around").

Therefore, because Respondents have failed to follow their own regulations in re-detaining Petitioner and have failed to demonstrate that his removal is reasonably foreseeable, the Court **GRANTS** the Petition.

### CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 5) and **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order (ECF No. 5-1). The Court **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting Order of Supervision. The Court **ORDERS** that Respondents cannot re-detain Petitioner

25-CV-3707 JLS (AHG)

without following the procedures set out in 8 C.F.R. § 241.13(i) and other implementing regulations.  The Parties are **ORDERED** to file a Joint Status Report by <u>January 16, 2026</u>, confirming that Petitioner has been released.  The Clerk of Court **SHALL CLOSE** the file.

     **IT IS SO ORDERED.**

Dated:  January 13, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

25-CV-3707 JLS (AHG)